UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA CRYSTAL MENDEZ, ET AL.,

       Plaintiffs,

v.                                       Case No.: 8:06-cv-563-T-24 MAP

UNITRIN DIRECT PROPERTY
AND CASUALTY INSURANCE
COMPANY,

       Defendant.

_____/

## **ORDER**

       This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 34).  Plaintiffs oppose the motion.  (Doc. No. 46).

       Plaintiffs filed a one-count complaint against Defendant Unitrin Direct Property and Casualty Insurance Company, in which they allege that the Defendant acted in bad faith in handling the wrongful death claim that was asserted against them.  Specifically, Plaintiffs allege that Defendant acted in bad faith by, inter alia, failing to settle the claim asserted against them and failing to warn them of the possibility that the wrongful death claim could result in an excess judgment.

       The wrongful death claim was based on a fatal traffic accident that occurred on October 21, 2004.  Defendant was advised of the accident on October 25, 2004.  Defendant did not formally offer to settle the wrongful death claim for the policy limits of $10,000 until January 7, 2005, despite the fact that on or before November 4, 2004 Defendant made the decision that it should settle the claim for the policy limits as soon as possible in order to protect Plaintiffs.  Additionally, Defendant did not advise Plaintiffs of the possibility of an excess judgment until

November 29, 2004.  The wrongful death claim resulted in a judgment against Plaintiffs in the amount of $630,000.

Defendant now moves for summary judgment on Plaintiffs' bad faith claim.  The Florida Supreme Court has stated the following when discussing bad faith claims:

> An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.  For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured.  This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same.  The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.  Because the duty of good faith involves diligence and care in the investigation and evaluation of the claim against the insured, negligence is relevant to the question of good faith.  The question of failure to act in good faith with due regard for the interests of the insured is for the jury.

Boston Old Colony Insurance Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980)(internal citations omitted).  Upon consideration, the Court finds that whether Defendant acted in bad faith in this case is a question for the jury to determine, and as such, the Court denies Defendant's motion for summary judgment.

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Defendant's Motion for Summary Judgment (Doc. No. 34) is **DENIED**; and

(2)    Plaintiffs' Request for Oral Argument (Doc. No. 50) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record