UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA CRYSTAL MENDEZ, et al.,

    Plaintiffs,

v.                                                             Case No. 8:06-cv-563-T-24 MAP

UNITRIN DIRECT PROPERTY &
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the parties' motions in limine and responses thereto. Accordingly, the Court will address each motion.

**I.  Plaintiffs' Motion in Limine Regarding Insurance Rates**

Plaintiffs move to prohibit Defendant from making any reference to the possibility that insurance rates will rise as a result of the jury's verdict in this case. (Doc. No. 63). Defendant does not oppose the motion. (Doc. No. 80). Accordingly, the Court grants this motion.

**II.  Defendant's Motion in Limine Regarding Hartford's Claim Handling**

Defendant moves to exclude all evidence regarding the way Hartford handled Mr. Ackley's claim. (Doc. No. 61). Defendant argues that the manner in which the claim was handled by Hartford and the characterization of Hartford's claim handling is irrelevant to the issue of whether Defendant Unitrin acted in good faith. Furthermore, Defendant argues that such evidence is prejudicial and will potentially confuse the jury. Additionally, Defendant points out that Hartford's relationship with Mr. Ackley was different from Defendant's relationship, because Mr. Ackley had a pre-existing relationship with Hartford due to having

uninsured/underinsured motorist coverage through Hartford.

In support of its argument that such evidence should be excluded, Defendant cites <u>Aetna Life Ins. Co. v. Smith</u>, 345 So. 2d 784 (Fla. 4th DCA 1977). In <u>Smith</u>, the appellate court found that allowing evidence at trial in the form of answers by a different insurance company to hypothetical questions regarding how that insurance company would have handled the plaintiff's claim was prejudicial error, because such evidence was irrelevant. See <u>id.</u> at 786.

The Court finds that the <u>Smith</u> case is distinguishable, because the evidence Defendant is seeking to exclude is not based on a hypothetical situation. Instead, the evidence relates to how another insurance company handled a claim arising from the same incident as the claim before Defendant. Furthermore, Plaintiffs argue that such evidence is relevant, because it supports Plaintiffs' assertion that if Defendant had timely offered its policy limits, Mr. Ackley would have accepted. (Doc. No. 78).

Upon consideration, the Court denies the motion, finding that such evidence is relevant and that the differences between the relationship of Hartford and the Mr. Ackley versus Defendant and Mr. Ackley can be explored through cross examination.

**III.  Defendant's Motion in Limine to Exclude Cumulative Expert Testimony**

Defendant seeks to exclude the expert testimony of either William Hahn, Esq. or Joseph Pettita. (Doc. No. 62). Defendant argues that their expert opinions are essentially identical, and thus, cumulative.

Plaintiffs respond that Joseph Pettita, an adjusting expert, will testify regarding the issue of whether Defendant's claim handling was in accordance with Florida claim adjusting industry standards. (Doc. No. 77). On the other hand, William Hahn, an attorney expert, will testify

regarding the legal duties owed to Mr. Ackley by his attorney, Mr. Leopold, in the underlying suit.

Upon consideration, the Court denies the motion, as it appears that the experts will be testifying regarding different matters. However, to the extent that their testimony is cumulative, the Court will entertain objections during trial.

### IV.  Plaintiffs' Motions in Limine Regarding Plaintiffs' Attorney and the Ricci, Leopold Firm

Plaintiffs move to exclude evidence that Plaintiffs' attorney was contacted to represent Mr. Ackley before undertaking representation of Plaintiffs. (Doc. No. 65). Additionally, Plaintiffs move to exclude evidence that Plaintiffs' attorney has shared a past working relationship with the law firm that represented Mr. Ackley. (Doc. No. 74). Plaintiffs argue that this evidence is irrelevant, and they point out that their attorney will not have an opportunity to explain that his conduct was not improper, because he cannot be a witness in this case. Additionally, they argue that even if such evidence is relevant, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Defendant argues that this evidence is directly relevant to its theory of this case–that Mr. Ackley's counsel was not willing to settle, because he was interested in pursuing a bad faith claim. (Doc. No. 81). The Court agrees that such evidence is relevant and will not cause unfair prejudice, confusion of the issues, or result in misleading the jury. Accordingly, the Court denies these motions.

### V.  Plaintiffs' Motions in Limine Regarding Mr. Ackley and His Attorney's Willingness to Accept Defendant's Policy Limits

Plaintiffs move to exclude testimony from Defendant's witnesses regarding the issue of whether Mr. Ackley and his attorney were ever willing to accept Defendant's $10,000 policy

limits. (Doc. No. 66, 70). Plaintiffs argue that such testimony is prohibited, because a witness cannot give an opinion regarding the credibility of another witness.

Defendant responds that the evidence it intends to present does not constitute comment on the credibility of any witness. (Doc. No. 82). Instead, Defendant's expert witness will give his opinion regarding whether the actions of Mr. Ackley and his attorney were inconsistent with a willingness to settle for the policy limits, and his opinions will be based on an examination of the evidence rather than an assessment of Mr. Ackley or Mr. Leopold's testimony.

Upon consideration, the Court agrees with Defendant and finds that such evidence does not constitute comment on the credibility of any witness and that such evidence is relevant. Furthermore, the Court finds that such evidence will not cause unfair prejudice, confusion of the issues, or result in misleading the jury. Therefore, the motions are denied.

**VI. Plaintiffs' Motion in Limine Regarding the Cost to Defendant Defending the Underlying Case**

Plaintiffs move to exclude evidence regarding the amount expended by Defendant in defending Plaintiffs in the underlying case. (Doc. No. 67). Plaintiffs argue that such evidence is not relevant to the issue of whether Defendant acted in bad faith in failing to settle Mr. Ackley's claim. Furthermore, Plaintiffs point out that they are not alleging that Defendant breached its duty to defend.

Defendant responds that while it does not anticipate introducing such evidence, such evidence is relevant. (Doc. No. 83). Specifically, Defendant argues that it shows that Plaintiffs were not left without a means of defending themselves after the case failed to settle and that Defendant defended them at great expense.

Upon consideration, the Court finds that the cost of Plaintiffs' defense in the underlying

case is not relevant to the issue in this case–whether Defendant acted in bad faith in failing to settle Mr. Ackley's claim. Accordingly, the Court grants this motion.

**VII. Plaintiffs' Motion in Limine Regarding the Motives or Conduct of Leopold and Vaccaro**

Plaintiffs move to exclude evidence, argument, and references regarding the motives or conduct of Mr. Ackley's attorney, Theodore Leopold, and the attorney's paralegal, Joe Vaccaro. Plaintiffs argue that the focus of a bad faith claim is on the insurance company, not the underlying plaintiff and his attorney, and as such, the evidence is irrelevant. Alternatively, Plaintiffs argue that such evidence will cause unfair prejudice, confusion of the issues, or result in misleading the jury.

Defendant responds that such evidence is relevant to the issue of whether Mr. Ackley and his attorney were willing to settle the claim for the policy limits, and thus, whether there was a reasonable opportunity to settle the claim. (Doc. No. 84). In support of this argument, Defendant cites Barry v. Geico General Insurance Company, 938 So. 2d 613 (Fla. 4th DCA 2006). In Barry, the appellate court affirmed the trial court's denial of the plaintiff's motion for new trial and stated:

> [The insured] contends that . . . [the insurance company defendant] attempted to shift the focus to [the underlying plaintiff's] motives and her attorney's conduct in refusing to settle. Although [the insured] is correct that the focus of an insurance bad faith case is not on the motive of the claimant but of the insurer in fulfilling its duty to its insured that does not mean that all inquiries into prior conduct and motives are irrelevant and prejudicial. In a bad faith case, the insurer has the burden to show that there was no realistic possibility of settlement within the policy limits. This question is decided based upon the totality of the circumstances. The conduct of [the underlying plaintiff] and her attorney would be relevant to the question of whether there was any realistic possibility of settlement. Despite [the underlying plaintiff's] testimony at trial that she would have settled the case . . ., her actions and those of her attorney suggested otherwise. The jury could have concluded that the failure of her attorney to notify [the insurance company] of his representation coupled with her refusal to meet

> with [the claims adjuster] on the settlement, among other incidents, showed that she did not want to settle with [the insurance company] for the policy limits. Thus, [the insurance company] did not inject irrelevant information into the case . . ..

Id. at 618 (internal citations omitted).

This Court agrees that evidence and argument regarding the motives or conduct and Mr. Leopold and Mr. Vaccaro is relevant and should not be prohibited. Accordingly, the Court denies the motions.

## VIII.  Plaintiffs' Motion in Limine Regarding Damages in the Underlying Case

Plaintiffs move to prevent Defendant from questioning witnesses at trial in such a way as to retry damages in the underlying case, because they argue that such evidence is irrelevant. (Doc. No. 71). Defendant responds that it does not anticipate introducing such evidence, but that a ruling should apply to both sides, such that Plaintiffs should be prohibited from introducing inflammatory evidence concerning the damages in the underlying case. (Doc. No. 85). Upon consideration, the Court defers ruling on this motion until trial.

## IX.  Plaintiffs' Motion in Limine Regarding Evidence of Comparative Bad Faith

Plaintiffs move to prevent Defendant from making any reference to any action of Mr. Ackley or his attorneys that could be construed as allegations of comparative bad faith, because there is no affirmative defense of comparative bad faith. (Doc. No. 72). Defendant responds that it does not dispute that comparative bad faith is not a defense under Florida law; however, it argues that evidence regarding Mr. Ackley and his attorney's actions and motives are relevant to the issue of whether the claim could have been settled. (Doc. No. 86).

Upon consideration, the Court grants the motion to the extent that the Court finds that there is no comparative bad faith defense. However, the Court denies the motion to the extent

6

that Plaintiffs seek to exclude evidence regarding Mr. Ackley and his attorney's actions and motives, because such evidence is relevant to the issue of whether the claim could have been settled.

### X.  Plaintiffs' Motion in Limine Regarding Emails Generated within the Ricci, Leopold Law Firm

Plaintiffs move to exclude evidence and prohibit references relating to emails generated within the underlying plaintiff's counsel's law firm.  Plaintiffs argue that such evidence is irrelevant and could cause unfair prejudice, confusion of the issues, or result in misleading the jury. (Doc. No. 73).  Defendant responds that a certain email is evidence of Mr. Ackley's attorney's strategy not to settle the claim for the policy limits in order to pursue a bad faith claim, and thus, Defendant did not have an opportunity to settle the claim. (Doc. No. 87).

The Court agrees that such evidence is relevant and goes to the "totality of the circumstances" that existed in this case.  As such, the Court denies the motion.

### XI.  Defendant's Motion in Limine to Limit Evidence to the Relevant Time Period

Defendant moves to limit evidence to the time period between the car accident that occurred on October 21, 2004 and the date that Mr. Ackley's attorney rejected Defendant's offer to settle for the policy limits, which occurred on January 7, 2005, because after January 7, 2005, Defendant did not have an opportunity to settle the claim. (Doc. No. 64).  Plaintiffs respond that evidence outside that time frame is relevant. (Doc. No. 79).  Upon consideration, the Court defers ruling on this motion until trial.

### XII.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiffs' First Motion in Limine (Doc. No. 63) is **GRANTED**.

(2)   Defendant's Motion in Limine to Exclude Evidence of Hartford's Claim Handling (Doc. No. 61) is **DENIED**.

(3)   Defendant's Motion in Limine to Exclude Cumulative Expert Testimony (Doc. No. 62) is **DENIED**.

(4)   Plaintiffs' Second Motion in Limine (Doc. No. 65) is **DENIED**.

(5)   Plaintiffs' Eleventh Motion in Limine (Doc. No. 74) is **DENIED**.

(6)   Plaintiffs' Third Motion in Limine (Doc. No. 66) is **DENIED**.

(7)   Plaintiffs' Seventh Motion in Limine (Doc. No. 70) is **DENIED**.

(8)   Plaintiffs' Fourth Motion in Limine (Doc. No. 67) is **GRANTED**.

(9)   Plaintiffs' Fifth Motion in Limine (Doc. No. 68) is **DENIED**.

(10)  Plaintiffs' Sixth Motion in Limine (Doc. No. 69) is **DENIED**.

(11)  The Court **DEFERS** ruling on Plaintiffs' Eighth Motion in Limine (Doc. No. 71).

(12)  Plaintiffs' Ninth Motion in Limine (Doc. No. 72) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court finds that there is no comparative bad faith defense; otherwise, the motion is **DENIED**.

(13)  Plaintiffs' Tenth Motion in Limine (Doc. No. 73) is **DENIED**.

(14)  The Court **DEFERS** ruling on Defendant's Motion in Limine to Limit Evidence to the Relevant Time Period (Doc. No. 64).

**DONE AND ORDERED** at Tampa, Florida, this 12th day of September, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record