UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA CRYSTAL MENDEZ, et al.,

   Plaintiffs,

v.                 Case No. 8:06-cv-563-T-24 MAP

UNITRIN DIRECT PROPERTY &
CASUALTY INSURANCE COMPANY,

   Defendant.
_____/

**ORDER**

This cause comes before the Court on Theodore Leopold and Joseph Vaccaro's ("Movants") Motion to Quash Subpoenas. (Doc. No. 88). Defendant opposes the motion (Doc. No. 97), and Plaintiffs do not oppose it (Doc. No. 99).

Movants were subpoenaed to appear to testify in the trial of this case. They argue that pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii)[1], they should not be compelled to testify, because they are non-parties that live more than 100 miles from this Court. Defendant relies on Rule 45(c)(3)(B)(iii)[2] and responds that the subpoenas should not be quashed, because

---

[1] Rule 45(c)(3)(A)(ii) provides: "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held."

[2] Rule 45(c)(3)(B)(iii) provides: "If a subpoena . . . requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order

Movants' testimony is critical and they will be reasonably compensated. For the reasons stated below, the Court grants the motion as to Vaccaro and denies it as to Leopold.

Vaccaro is Leopold's paralegal, and Leopold represented Thomas Ackley (the underlying plaintiff). Defendant contends that it has a substantial need for Vaccaro's testimony relating to an email Vaccaro drafted. The Court finds that Defendant has not made a sufficient showing of the need for Vaccaro to testify at trial, because Vaccaro's deposition was videotaped, and he was questioned during the deposition about the email. (Doc. No. 104, p. 19-46). The videotaped deposition, combined with the fact that Vaccaro is a non-party that would have to travel approximately 200 miles to testify, compels the Court to grant the motion to quash his subpoena.

With regards to Leopold, the Court finds that Defendant has made a sufficient showing of a substantial need for his testimony that cannot be otherwise met and that he will be reasonably compensated. While Leopold's deposition was also videotaped, Defendant did not know about the contents of the email at that time.[3] Instead, after Leopold's deposition, on March 22, 2007, Defendant filed a motion to compel production of certain emails. (Doc. No. 28). Defendant filed a notice of withdrawal of that motion on March 30, 2007, stating that the motion was amicably resolved. (Doc. No. 30). However, Defendant presumably received the requested email after the discovery deadline of March 23, 2007 had passed.

The email at issue is central to Defendant's defense theory that Mr. Ackley and his

---

appearance or production only upon specified conditions."

[3]Plaintiffs argue that Leopold was specifically questioned about the email during his deposition. While such a statement is technically true (Leopold confirmed during his deposition that based on the privilege log, Vaccaro sent an email on November 22, 2004 regarding a letter from Defendant), Defendant did not question Leopold about the specific contents of the email. (Doc. No. 36, p. 29-34).

attorney were never willing to settle, because they wanted to pursue a bad faith claim. Clearly, Defendant would want to question Leopold about this email, and as such, compelling Leopold to appear and testify at trial is necessary.

Given that the Court has found that Defendant has made a sufficient showing of a substantial need for Leopold's testimony that cannot be otherwise met, the Court must determine whether Leopold will be reasonably compensated. Defendant states that it included a check with the subpoena to cover the witness fee and mileage fee, and Leopold has not argued that he will not be reasonably compensated beyond making the general statement that he would "incur substantial expense and inconvenience if required to travel" to this Court. (Doc. No. 88). The Court is not persuaded that Leopold will not be reasonably compensated.

Additionally, the Court notes that Leopold is not a disinterested non-party to this case. Rather, if Plaintiffs prevail in this case, they will obtain funds to pay off the judgment that Ackley obtained in the underlying case, and Leopold's firm is entitled to a contingency fee from that recovery. (Doc. No. 36, p. 19-21). Accordingly, the Court denies the motion to quash Leopold's subpoena and finds that he must testify at the trial of this case.

Accordingly, it is ORDERED AND ADJUDGED that Theodore Leopold and Joseph Vaccaro's Motion to Quash Subpoenas (Doc. No. 88) is **GRANTED IN PARTED AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court quashes the subpoena directed at Vaccaro; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record